UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANA JUPITER | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4862 |
| TOWER HILL PRIME INSURANCE COMPANY | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is Defendant Tower Hill Prime Insurance Company's Motion to Opt Out of Streamlined Settlement Program. ECF No. 15. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, March 5, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Opt Out (ECF No. 15) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.      **BACKGROUND**

Plaintiff Dana Jupiter filed this suit to recover for losses incurred as a result of Hurricane Ida alleging coverage under an insurance policy issued by Defendant Tower Hill Prime Insurance Company ("Tower Hill"). ECF No. 1. On February 21, 2024, Tower Hill filed a Motion to Dismiss for Failure to State a Claim and this Motion to Opt-Out. ECF Nos. 14, 15. Tower Hill argues that the insurance policy at issue includes a Windstorm or Hail Exclusion, and therefore, contrary to Plaintiff's allegations, does not provide coverage. ECF No. 14. Tower Hill seeks leave to opt out of the SSP to pursue its dispositive motion. ECF No. 15.

1

## II.   APPLICABLE LAW & ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause.  *See* Section 3.

Requiring the parties to proceed with the SSP when the plaintiff is alleged to have no viable claim hinders the efficient resolution of this matter and thus would be contrary to the goals of the CMO.[1]  Accordingly, Defendants' request to opt-out of the CMO is granted, but only for the limited purpose of filing its dispositive motion.  The parties remain obliged to comply with all other terms of the CMO unless or until the matter is resolved on Defendant's motion or otherwise.

## III.   CONCLUSION

For the foregoing reasons, Defendant is granted limited relief from the CMO, solely for purposes of pursuing its Motion to Dismiss on the basis of whether the insurance policy provides coverage for Hurricane Ida damages as sought herein.  Accordingly,

IT IS ORDERED that Defendant Tower Hill Prime Insurance Company's Motion to Opt Out of the Streamlined Settlement Program (ECF No. 15) is GRANTED IN PART AND DENIED IN PART.  Defendant is granted limited relief from the CMO's automatic stay solely to enable it to pursue its motion to dismiss as set forth herein.  If the motion is denied or the case otherwise

---

[1] *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).

remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this ___13th___ day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE